**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MANUEL PEREZ-COLON,**

    Petitioner,

v.                                                   **CIVIL ACTION NO.: 3:14-CV-66**
                                                                     **(GROH)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Michael J. Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of an R&R. On March 16, 2017, Magistrate Judge Aloi issued his R&R, recommending that this Court deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Aloi's R&R were due within fourteen days after being served with a copy of the same. The Petitioner was served with the R&R on March 20, 2017, and timely filed his objection, asserting that, in light of the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008), his conduct can no longer support a conviction under 18 U.S.C. § 1956(a)(1). The Petitioner previously raised his Santos argument in his response to the Respondent's motion to dismiss. See ECF No. 19. The magistrate judge considered this argument in the R&R and found it unavailing. Thus, because the substance of the Petitioner's objection was already presented to and considered by the magistrate judge, it does not necessitate *de novo* review by this Court. See Felton v. Colvin, Civil No. 2:12-CV-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) ("The Court may reject perfunctory or rehashed objections to [R&Rs] that amount to a second opportunity to present the arguments already considered by the [m]agistrate." (internal quotations and citation omitted)); Deyton v. Keller, Civil Nos. 1:10cv127, 1:10cv128, 1:10cv129, 2011 WL 4498837, at *4 (W.D.N.C. Sept. 27, 2011) ("[M]erely reiterating or incorporating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review."). Accordingly, the Court **OVERRULES** the objection and reviews the R&R for clear error.

On December 18, 1998, a jury found the Petitioner guilty of conspiracy to possess and distribute multi-kilogram amounts of cocaine, heroin and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to engage in illegal financial transactions involving drug proceeds in violation of 18 U.S.C. §§ 1956(a)(1) and 1957. In the instant petition, the Petitioner alleges that he is factually innocent of his conviction under

§ 1956(a)(1)(B)(i).[1] Specifically, the Petitioner argues that the evidence presented did not show that the purpose of the transaction was to conceal monetary funds. He contends the evidence presented merely demonstrated that the funds had been concealed—not that he harbored the intent to conceal them. However, in affirming his conviction and sentence under § 1956(a)(1)(B)(i), the First Circuit found that there was sufficient evidence to support that the Petitioner was "intimately involved in [his codefendant's] drug operations," which was "enough for a jury to find beyond a reasonable doubt that when [the Petitioner] agreed to have the air conditioners installed, he knew that [his codefendant] was using them to conceal her drug money." United States v. Martinez-Medina, 279 F.3d 105, 116 (1st Cir. 2002). Thus, in upholding his conviction, it is clear that the First Circuit found evidence of the Petitioner's specific intent to conceal.

Upon consideration, and finding no error, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 20] is hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Court **GRANTS** the Respondent's Motion to Dismiss [ECF No. 11] and **DENIES** and **DISMISSES** the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] **WITH PREJUDICE**.

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

---

[1] Section 1956(a)(1)(B)(i) provides,

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

The Court **DIRECTS** the Clerk to strike this case from the active docket, enter a separate judgment order in favor of the Respondent, and mail a copy of this Order to the *pro se* Petitioner and all counsel of record.

**DATED:** April 12, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE